FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

09 JUL 23 PM 3: 27

STE████ █ █████, CLERK
FOR ███ ███████ DISTRICT
OF █████

WILLIAM SMITH and LUBIRTA SMITH,
    Plaintiffs,

      v.

HOUSING AUTHORITY OF SOUTH BEND (HASB);
MARVA J. LEONARD-DENT,
Executive Director of HASB;
BOARD OF COMMISSIONERS OF HASB;
SUSIE HARVEY-TATE,
EARL L. HAIRSTON,
RAFAEL MORTON,
ROBERT B. TOOTHAKER,
GLADYS MUHAMMAD;
Commissioners of HASB;
STEPHEN J. LUECKE,
Mayor of the City of South Bend, IN;
SHAUN DONOVAN,
Secretary of the United States
Dept. of Housing and Urban Development;
    Defendants.

Case No.

3 :09CV 330

## VERIFIED COMPLAINTWITH JURY DEMAND

### Nature of the Case

1. This is a civil action seeking vindication of rights guaranteed to Plaintiffs, as residents

of a federally funded public housing project, by the Fair Housing Act, as amended, 42 U.S.C.

sec. 3601 et seq.; the Civil Rights Act of 1964, 42 U.S.C. sec. 601 et seq.; the Americans with

Disabilities Act, 42 U.S.C. secs. 12131 et seq. and 12181 et seq.; the Rehabilitation Act of 1973,

as amended, 29 U.S.C. sec. 794; the United States Housing Act, as amended, 42 U.S.C. sec.

1437 et seq.; and the Fourteenth Amendment to the Constitution of the United States, Plaintiffs

invoke the supplemental jurisdiction of the Court to plead claims under Indiana law.

1

Jurisdiction and Venue

2. (a)  This Court has subject matter jurisdiction under 28 U.S.C. sec.1331 in that Plaintiffs present claims arising under federal law and invoke supplementary jurisdiction of claims under Indiana law pursuant to 28 U.S.C. sec. 1367.

(b)  Venue is proper in the South Bend Division of this Court in that the events alleged took place primarily in St. Joseph County, IN.

Parties

3.  Plaintiffs William and Lubirta Smith (Mr. and Mrs. Smith) are adult, married African-American tenants in the property owned by the Housing Authority of South Bend (HASB), located at 628 Western Avenue, South Bend, IN 46601.  Mr. William Smith is an individual with a disability or handicap in that he has significant limitations to major life activities, has a record of such limitations, and is perceived by Defendant HASB to have such limitations.

4.  Defendant HASB is a municipal corporate body, or part of the civil city of South Bend municipal corporate body, which owns and manages public housing projects funded by the United States Department of Housing and Urban Development (HUD), a federal executive department and agency.

5.  Defendant Marva J. Leonard-Dent is Executive Director of HASB and has responsibility for the management, direction, and oversight of HASB activities, services, and properties.

6.  Defendant Board of Commissioners of HASB is, on information and belief, the corporate board exercising control over HASB and appoints and supervises the HASB Executive Director.

2

7. Defendants Susie Harvey-Tate, Earl L. Hairston, Rafael Morton, Robert B. Toothaker, and Gladys Muhammad are members of the HASB Board of Commissioners described in the preceding paragraph.

8. Defendant Stephen J. Luecke is Mayor of the City of South Bend and, on information and belief, is responsible for appointing or nominating for appointment all or some members of the HASB Board of Commissioners.

9. Defendant Shaun Donovan is Secretary of HUD and has responsibility for ensuring that administration of federally funded aspects of HASB activities are in compliance with federal law, together with HUD rules and directives.

10. HASB and the HASB Board of Commissioners are "persons" within the meaning of 42 U.S.C. 1983.

11. All Defendants are sued for acts under color of law.

<u>Facts</u>

12. The condition of the apartment occupied by Mr. and Mrs. Smith fails, and has failed, to meet standards of habitability and peaceable enjoyment established by state and municipal law and incorporated into HUD requirements or established separately by HUD requirements.

13. The condition of the building occupied by Mr. and Mrs. Smith fails, and has failed, to meet standards of habitability and peaceable enjoyment established by state and municipal law and incorporated into HUD requirements or established separately by HUD requirements.

14. HASB staff members have failed to remedy problems of which Mr. and Mrs. Smith have complained.

15. HASB staff members have directly or indirectly retaliated against Mr. and Mrs. Smith by failing to take remedial action, because Mr. and Mrs. Smith complained about conditions in their apartment and building and about HASB services, and by the manner in which HASB staff members treated Mr. and Mrs. Smith.

16. Some acts described in the preceding paragraphs 13-16 were taken against Mr. William Smith before his marriage to Mrs. Lubirta Smith and prior to his taking up residency with her in her apartment, which is their current residence. Prior to the marriage, Mr. Smith resided in a separate apartment from Mrs. Smith. Prior to the marriage, HASB took actions to evict Mr. Smith from his previous apartment. Mr. Smith had made repeated complaints about conditions and services at the HASB property.

17. HASB took the actions described in paragraph 17 while Mr. Smith was seriously ill and commenced legal proceedings against him when HASB knew he was hospitalized for serious surgery.

18. HASB staff members have retaliated against Mrs. Lubirta Smith because of her association with Mr. William Smith and because of her advocacy on his behalf before and after their marriage. This retaliation has taken the form of refusal to provide service and rude remarks to her. The retaliation has taken place before and after the marriage.

19. HASB staff members have also acquiesced in the bullying of Mr. Smith by at least one other resident and did nothing to intervene and stop the bullying.

20. The HASB building in which Mr. and Mrs. Smith reside, and the HASB complex in which the building is located, are both populated overwhelmingly by residents who are African-American and not Caucasian.

4

21.  The neighborhood in which the HASB building and complex described in paragraph 22 is located in is populated overwhelmingly by residents who are African-American or Latino and not Caucasian.

22.  The concentration of non-Caucasian residents described in paragraphs 21 and 22 is far out of proportion to the corresponding population figures for the City of South Bend or the County of St. Joseph, IN.

23.  The concentration described in paragraphs 21-23 occurred and remained because of the actions and acquiescence of Defendants or their predecessors in office.  The concentration is the result of intentional actions or deliberate indifference of Defendants or their predecessors in office.

<u>Proximate Cause and Irreparable Injury</u>

24.  As a direct and proximate result of the acts alleged, Mr. and Mrs. Smith have suffered, continue to suffer, and will suffer injuries for which they are entitled to compensation under the Claims set forth below.

25.  As a further direct and proximate result of the acts alleged, Mr. and Mrs. Smith have also suffered, continue to suffer, and will suffer injuries for which there is no adequate remedy at law and for which they are entitled to equitable relief under the Claims set forth below.

<u>Causes of Action</u>

26.  For a First Claim, the Defendants have violated the Fair Housing Act, as amended, 42 U.S.C. sec. 3601 et seq., with implementing rules, in that they have discriminated against Plaintiffs on the basis of (a) race and (b) handicap.  Mr. Smith is African-American and is an otherwise qualified individual with a handicap as defined by the Act.  Mrs. Smith is African-

American and suffered discrimination because of her association with Mr. Smith, who is an otherwise qualified individual with a handicap.

27. For a Second Claim, the Defendants have violated Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. sec. 794, with implementing rules, in that they have discriminated against Plaintiffs on the basis of disability. Mr. Smith is an otherwise qualified individual with a disability as defined by the Act. Mrs. Smith suffered discrimination because of her association with Mr. Smith, who is an otherwise qualified individual with a disability. Defendant HASB is a recipient of federal funds within the meaning of Section 504.

28. For a Third Claim, the Defendants have violated Title II of the Americans with Disabilities Act, as amended, 42 U.S.C. sec. 12131 et seq., with implementing rules, in that they have discriminated against Plaintiffs on the basis of disability. Mr. Smith is an otherwise qualified individual with a disability as defined by the Act. Mrs. Smith suffered discrimination because of her association with Mr. Smith, who is an otherwise qualified individual with a disability. Defendant HASB is a "public service" under Title II of the Act.

29. For a Fourth Claim, the Defendants have violated Title III of the Americans with Disabilities Act, as amended, 42 U.S.C. sec. 12181 et seq., with implementing rules, in that they have discriminated against Plaintiffs on the basis of disability. Mr. Smith is an otherwise qualified individual with a disability as defined by the Act. Mrs. Smith suffered discrimination because of her association with Mr. Smith, who is an otherwise qualified individual with a disability. Defendant HASB is a "public accommodation" under Title III the Act.

30. For a Fifth Claim, the Defendants have violated 42 U.S.C. sec. 1981 in that the Defendants have, individually and together, denied them equal rights under law as provided in that statute. Defendants have acted against Plaintiffs in regard to the Plaintiffs' right to own and

6

possess housing because of the Plaintiffs' race and color; Defendants were and are aware of the Plaintiffs' race and color; Plaintiffs are ready to deal with Defendants pertaining to their right to own and possess their housing, and Defendants refused to deal with the Plaintiffs.

31. For a Sixth Claim, the Plaintiffs re-assert the allegations of paragraph 27 and assert that Defendants violated 42 U.S.C. sec. 1982.

32. For a Seventh Claim, Defendants violated Plaintiffs' right to due process and equal protection under the Fourteenth Amendment to the Constitution of the United States as applied to Defendants by 42 U.S.C. sec. 1983, a statute guaranteeing rights to Plaintiffs. These violations under sec. 1983 arise, in part, because Defendants, acting under color of law, have violated the legal provisions in the preceding and following claims.

33. For an Eighth Claim, Defendants have violated the United States Housing Act, as amended, 42 U.S.C. sec. 1437 et seq., and implementing rules, in that, while accepting HUD funds, Defendants have failed to provide housing and services required by the Act to Plaintiffs as required by the Act.

34. For a Ninth Claim, asserted under Indiana law, the Defendants have failed to provide Plaintiffs with due course of law as guaranteed to Plaintiffs by the Constitution of the State of Indiana, Article I, sec. 23.

35. For a Tenth Claim, asserted under Indiana law, the lease that Defendants contracted with Plaintiffs is unconscionable and illegal and, additionally and alternatively, has been, is being, and will be administered by Plaintiffs in an unconscionable and illegal manner.

36. For an Eleventh Claim, under Indiana and municipal law, the Defendants failed to provide Plaintiffs with habitable premises to which Plaintiffs were entitled.

37. For a Twelfth Claim, under Indiana and federal law, the Defendants have breached contracts of which the Plaintiffs are intended third-party beneficiaries.

38. For a Thirteenth Claim, Defendants have violated the rights of Plaintiffs to be free of discrimination on the basis of race or color by recipients of federal financial assistance, as guaranteed by Title VI of the Civil Rights Act , 42 U.S.C. 2000d, and implementing rules.

39. For a Fourteenth Claim against Defendant Mayor Stephen J. Luecke, he has failed to appoint members to the HASB Board of Commissioners in a manner consistent with his duty to appoint board members who act in compliance with law.

40. For a Fifteenth Claim, Defendant Secretary of HUD Shaun Donovan, and his predecessors in office, has failed to exercise oversight over the remaining Defendants so that HASB facilities, programs and services are administered in compliance with law.

Elements of Damages

41. As a direct and proximate result of the acts upon which the foregoing claims are based, the Plaintiffs have suffered and are threatened with economic loss; loss of quiet enjoyment of their property; apprehension; fear; worry; humiliation; and physical and mental impact as a consequence of the actions of all Defendants. Each element of damages occurred in each Cause of Action, and on each element of damages for each Cause of Action, Plaintiffs seek compensation in the amount of $10,000 compensatory and $10,000 exemplary damages for wanton and outrageous conduct.

42. The Plaintiffs are further threatened by direct, immediate, and imminent harm to their asserted rights for which there is no adequate remedy and for which equitable relief is required.

## Relief and Jury Demand

Plaintiffs pray that the Court:

A. Impose a receivership upon Defendants HASB, the Defendant Board of Commissioners and Defendant members of the Board, and Defendant Leonard-Dent to operate HASB and to rectify the violation of laws established, with the appointment of a Master to be paid by HASB and HUD; remove the members of the current Board of Commissioners; and remove the current Executive Director.

B. Enter a declaratory judgment as requested.

C. Issue Preliminary and Permanent Injunctions to implement the Declaratory Judgment.

D. On any non-equitable issue grant trial by Jury.

E. Award damages as shown to be appropriate.

F. Grant such other relief as may be appropriate.

Respectfully submitted,

INDIANA LEGAL SERVICES, INC.
Attorney for Plaintiffs

Kent Hull, Attorney No.: 8580-71
401 E. Colfax Avenue, Suite 116
South Bend, IN 46601
(574) 234-8121

9

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

*William Smith*
*LaPorte Smith, St. Joseph*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     *St. Joseph*
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

*Neal Hull – Indiana Legal Services*
*401 E. Colfax #116, South Bend*
*Indiana*

## DEFENDANTS

*Housing Auth of S Bend*
*et al*
*St. Joseph*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT     *St. Joseph*
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN)

*3:09CV 330*

## II. BASIS OF JURISDICTION  (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)   AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.   NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☒ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
- **HABEAS CORPUS:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

*Fair Housing Act, 42 U.S.C. 3601 etsq*

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY  (See instructions):

JUDGE *Lozano*     DOCKET NUMBER *3:08cv51*

DATE *7/23/09*     SIGNATURE OF ATTORNEY OF RECORD *Neal Hull*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____