UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM SMITH and ) | |
| LUBIRTA SMITH ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 3:09-CV-330 |
| v. ) | |
| ) | |
| HOUSING AUTHORITY ) | |
| OF SOUTH BEND, et al ) | |
| ) | |
| Defendants. ) | |

DEFENDANT STEPHEN J. LUECKE'S REPLY TO PLAINTIFFS'
MEMORANDUM OF LAW OPPOSING DISMISSAL

Mayor Stephen J. Luecke replies to Plaintiffs' Memorandum of Law opposing the Mayor's Motion to Dismiss as follows:

1. Standard of Review for Dismissal

The Mayor's Brief correctly states the standard of review for motions to dismiss in this Circuit. After the United States Supreme Court announced the standard of review for motions to dismiss in Bell Atlantic v. Twombly, 550 U.S. 544 (2007), the Seventh Circuit refined that standard in the case of EEOC v. Concentra Health Services, Inc., 496 F,3d 773, 776 (7th Cir. 2007). It is under the Concentra standard that Mayor Luecke has argued the deficiencies in Plaintiffs' Complaint.

Plaintiffs are incorrect in stating that Twombly, supra is limited to antitrust cases or to cases involving "unusual issues of official immunity." (Plaintiffs' Responsive Brief at p. 2) In fact, this very case involves an issue of the Mayor's immunity, but more importantly, the U.S. Supreme Court's post – Twombly ruling in Ashcroft v Iqbal, _____ U.S. _____, 129 S. Ct. 1937 (2009) confirms that the dismissal standard of review announced in Twombly applies to

any discrimination case: "Our decision in <u>Twombly</u> ... applies to anti-trust <u>and</u> <u>discrimination</u> <u>suits alike</u>." (Emphasis added). <u>Iqbal</u> <u>Id</u>., 1953. For these reasons, this court must apply the <u>Twombly</u> standard of review to Mayor Luecke's motion to dismiss.

### 2. Plaintiffs' Section 1983 Claim Against Stephen J. Luecke is Barred by the Substantive Ruling in Ashcroft v. Iqbal.

Beyond the fact that <u>Iqbal</u>, <u>supra</u> was a discrimination case, it shares another similarity with Plaintiffs' claims here. Plaintiffs ascribe fault not only to Housing Authority staff who had "day to day contact with [Plaintiffs,] but also to Mayor Luecke, who like John Ashcroft was "at the highest level of [municipal]... authority." <u>Iqbal</u>, <u>Id.</u>, at 1943. (However, unlike <u>Iqbal</u>, the Mayor's authority applies to an entity separate and distinct from the Housing Authority).

The Supreme Court held that the claims against Mr. Ashcroft could not survive despite Mr. Iqbal's specific allegations that John Ashcroft "knew of, condoned, and willfully agreed to subject him to harsh conditions of confinement, as a 'matter of policy' solely on account of his religion, race and national origin." <u>Iqbal</u>, at 1951. (It should be noted that Plaintiffs' Complaint allegations about Mayor Luecke are far less specific than Mr. Iqbal's.)

<u>Iqbal</u> reaffirmed the legal standard for supervisor liability in § 1983 cases: "Absent vicarious liability, each Government official, his or her title notwithstanding, is liable only for his or her misconduct... Purpose rather than knowledge is essential to establish such supervisor liability." <u>Iqbal</u> at 1949.

As Plaintiffs' Memorandum clarifies, if permitted to amend their Complaint, the only additional fact they can allege is that Mayor Luecke's statutory appointment power over Housing Commissioners includes the power to remove them from office for misconduct. However, inclusion of such facts does not in itself establish "purposeful" discriminatory conduct toward Plaintiffs which <u>Iqbal</u> requires as a pleading threshold: "[T]he complaint does not show, or even

intimate that petitioners purposefully housed detainees in the ADMAX SHU due to their race, religion, or national origin." Iqbal at 1952. Similarly, Plaintiffs' Complaint "does not show or even intimate" that Stephen Luecke "purposefully" committed discriminatory acts against Mr. William Smith and Ms. Luberta Smith.

No plausible set of truthful facts could be alleged by Plaintiffs which would move Mayor Luecke within the scope of § 1983 liability for purposeful conduct toward Plaintiffs because of their race or disability. Therefore, Plaintiffs' Section 1983 claims against Mayor Luecke should be dismissed with prejudice.

### 3. Plaintiffs Do Not State Viable Claims Against Mayor Luecke Under Any Other Law.

Plaintiffs essentially claim that solely because the Mayor has the power to hire and remove for cause members of the South Bend Housing Authority Commission, he is liable for alleged discriminatory acts of Housing Authority staff. In other words, Plaintiffs claim that by virtue of his hire and removal authority over Commissioners, Mayor Luecke is strictly liable to Plaintiffs under various federal and state laws, even though the alleged acts of discrimination were committed by persons he does not hire or even know. Federal laws prohibiting discrimination do not extend that far, and all acts upon which Plaintiffs rely (Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; Title II of the Americans with Disabilities Act; and the Fair Housing Act, 42 U.S.C. § 3601 as well as state law) require a nexus between Defendant and the alleged acts of discrimination beyond mere appointment power of policymakers for the agency alleged to have engaged in discrimination.

Plaintiffs claim that in the Mayor's Brief on Motion to Dismiss "the Mayor does not address other claims" made by Plaintiffs. That is inaccurate. The Mayor's Brief addresses each and every possible claim against him that can be construed within the Complaint. That

underscores the problem – claims against the Mayor are not clearly stated, nor are any specific facts alleged about the Mayor other than his HASB Commission appointment power.

The overriding principle in all the amorphous claims against the Mayor within the Complaint is that when evaluating them, there must exist more than an allegation of appointment power over an agency's policymakers to subject Mayor Stephen Luecke to liability for the acts of the agency's staff. Nor is that satisfied by an allegation that the power to remove a Housing Commissioner from office includes the duty to monitor the conduct of those Commissioners, particularly when the discriminatory acts were committed by staff, not by the Commissioners. Plaintiffs' Memorandum does not cite any case where such attenuated liability has been upheld.

The case of Alexander v. Choate, 469 U.S. 287 (1985) and others cited by Plaintiffs do not support liability against Stephen Luecke under the Rehabilitation Act, 29 U.S.C. § 794 or Title II of the Americans with Disabilities Act (ADA). Alexander holds only that adverse impact liability applies to neutrally adopted policies. The discrimination alleged in this case is direct individual discrimination, not the discriminatory impact of a neutrally adopted policy,

For these reasons, all claims against Mayor Stephen J. Luecke should be dismissed with prejudice. Plaintiffs should not be given the opportunity to amend their Complaint because their response does not cite any new facts that would change the outcome. No facts within the current allegations of the Complaint establish liability in Mayor Luecke.

                  s/Aladean M. DeRose
                  Aladean M. DeRose, 4495-71
                  Chief Assistant City Attorney
                  227 W. Jefferson Blvd., Ste 1400
                  South Bend, IN 46601
                  574-235-5866

                  ATTORNEY FOR DEFENDANT
                  STEPHEN J. LUECKE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by U.S. First Class Mail, postage prepaid on the below named attorneys of record this  16th  day of November, 2009.

| | |
|---|---|
| Mr. Kent Hull<br>Attorney at Law<br>401 E. Colfax, Ste 116<br>South Bend, IN 46601 | Mr. Michael Palmer<br>Barnes & Thornburg<br>600 1st Source Bank Center<br>100 N. Michigan St.<br>South Bend, IN 46601 |
| Attorney for Plaintiff | Attorney for Defendants excluding<br>Stephen J. Luecke |

s/Aladean M. DeRose