UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM SMITH and LUBIRTA SMITH,
    Plaintiffs,

    v.                                        Case No. 3:09 CV 330

HOUSING AUTHORITY OF SOUTH BEND (HASB),
    Defendant.

## FIRST AMENDED COMPLAINT WITH JURY DEMAND

Nature of the Case

1. This is a civil action seeking vindication of rights guaranteed to Plaintiffs, as residents of a federally funded public housing project, by the Fair Housing Act, as amended, 42 U.S.C. sec. 3601 et seq.; the Civil Rights Act of 1964, 42 U.S.C. sec. 601 et seq.; Title II of the Americans with Disabilities Act, 42 U.S.C. secs. 12131 et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. sec. 794; and the Fourteenth Amendment to the Constitution of the United States. Plaintiffs invoke the supplemental jurisdiction of the Court to plead claims under Indiana law. Plaintiffs file this First Amended Complaint pursuant to the Court's Orders of September 30, 2010 (DE 37) and October 19, 2010 (DE 39). In filing this First Amended Complaint, Plaintiffs reserve their right to appeal the non-final Order of September 30, 2010 (DE 37) upon entry of a final judgment in this case.

1

Jurisdiction and Venue

2. (a) This Court has subject matter jurisdiction under 28 U.S.C. sec.1331 in that Plaintiffs present claims arising under federal law and invoke supplementary jurisdiction of claims under Indiana law pursuant to 28 U.S.C. sec. 1367.

(b)  Venue is proper in the South Bend Division of this Court in that the events alleged took place primarily in St. Joseph County, IN.

Parties

3.  Plaintiffs William and Lubirta Smith (Mr. and Mrs. Smith) are adult, married African-Americans who were tenants (first as two individuals living separately, then as a married couple living together) in the property owned by the Housing Authority of South Bend (HASB), located at 628 Western Avenue, South Bend, IN 46601.  Mr. William Smith is an individual with a disability or handicap in that he has significant limitations to major life activities, has a record of such limitations, and was perceived by Defendant HASB to have such limitations.  Mr. Smith has mobility and strength limitations which impair his abilities to walk and to lift.  He has undergone vascular surgery which has left him with severe limitations to his endurance, together with his abilities to walk and to lift.  He has also suffered anxiety resulting from his physical disabilities; this anxiety and related stress and depression have caused limitations to his mental health which result in further limitations to his major life activities.  Both Mr. Smith and Plaintiff Lubirta Smith informed HASB of Mr. Smith's physical and mental disabilities prior to, during, and after the events alleged in this First Amended Complaint.

4.  Defendant HASB is a municipal corporate body, or part of the civil city of South Bend municipal corporate body, which owns and manages public housing projects funded by the United States Department of Housing and Urban Development (HUD), a federal executive department and agency.

5.  HASB is a "person" acting under "color of law", within the meaning of both the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. sec. 1983.

Facts

6.  The condition of the apartment occupied by Mr. William Smith alone in the 628 W. Western building failed to meet standards of habitability and peaceable enjoyment established by state and municipal law and incorporated into HUD requirements or established separately by HUD requirements:

   (a)  Specifically, the toilet in the apartment occupied by William Smith alone was broken. HASB took approximately three weeks to repair the toilet. Among the damage caused during the period before HASB fixed the toilet was flooding from the toilet into Mr. Smith's apartment and into the apartment of the tenant living on the floor below Mr. Smith;

   (b)  Roaches infested his apartment and the entire building. HASB failed to remedy the roach infestation;

   (c)  HASB failed for weeks to change a filter in the air conditioner in his apartment. As a result, the air conditioner did not work.

7.  Mr. Smith observed that the elevators in the 628 W. Western building were broken and did not function for several weeks at a time. The absence of elevator service forced him to carry his bicycle up the stairs to keep in his apartment. The absence of elevator service also

resulted in the denial or limitation of physical access to other residents with handicaps or disabilities.

8. Plaintiff Lubirta Smith observed in her apartment in the 628 W. Western Building:

(a) HASB failed to clean her carpet, which was filthy upon her moving in. She made a report and repeated demands on HASB to clean the carpet; and

(b) HASB failed to clean mold from her apartment. The mold generated an overpowering smell. She made a report and repeated demands on HASB to eradicate the mold.

9. Lubirta Smith observed in the 628 W. Western building the following additional problems:

(a) HASB failed to repair a water main break, with the result of three weeks of sickening odors in the building;

(b) HASB failed to correct a stoppage in building disposal systems with the result of weeks of sickening odors in the building;

(c) At one point a resident died in the resident's apartment. HASB took no action for days to remove the resident's body, with the result of three weeks of sickening odors in the building;

(d) HASB failed to repair open electrical light sockets from which wiring was hanging and exposed, with the result that residents were exposed to the possibility of injury; and

(e) HASB failed to keep the common areas of the building clean. The common areas were, in general, dirty.

10. The condition of the building occupied by Mr. and Mrs. Smith failed to meet standards of habitability and peaceable enjoyment established by state and municipal law and incorporated into HUD requirements or established separately by HUD requirements.

11. HASB staff members failed to remedy problems of which Mr. and Mrs. Smith complained.

12. HASB staff members retaliated against Mr. and Mrs. Smith by failing to take remedial action. This retaliation occurred because Mr. and Mrs. Smith complained about conditions in their apartment and building and about HASB services, and by the manner in which HASB staff members treated Mr. and Mrs. Smith.

13. Some acts described in the preceding paragraphs 6-12 were taken against Mr. William Smith before his marriage to Mrs. Lubirta Smith, and prior to his taking up residency with her in her apartment, which is their current residence. Prior to the marriage, Mr. Smith resided in a separate apartment from Mrs. Smith. Prior to the marriage, HASB took actions to evict Mr. Smith from his previous apartment. Mr. Smith had made repeated complaints about conditions and services at the HASB property.

14. HASB took the actions described in paragraph 13 while Mr. Smith was seriously ill and commenced legal proceedings against him when HASB knew he was hospitalized for serious surgery.

15. HASB staff members retaliated against Mrs. Lubirta Smith because of her association with Mr. William Smith and because of her advocacy on his behalf before and after their marriage. This retaliation took the form of refusal to provide service and rude remarks to her. The retaliation has taken place before and after the marriage. HASB staff members further retaliated against both Mr. and Mrs. Smith because they acted as advocates for other residents in the 628 W. Western Building who had problems with HASB maintenance, service, and management deficiencies. These other residents upon whose behalf Mr. and Mrs. Smith advocated included residents who were persons with disabilities and persons who were African-

5

Americans. Mr. and Mrs. Smith acted as advocates because the other residents feared retaliation by HASB. The other residents were vulnerable in that their disabilities, race, and poverty greatly limited their alternate options in housing.

16. HASB staff members also acquiesced in the bullying of Mr. Smith by at least one other resident and did nothing to intervene and stop the bullying.

17. The HASB building in which Mr. and Mrs. Smith resided, and the HASB complex in which the building is located, are both populated overwhelmingly by residents who are African-American and not Caucasian. Many residents are individuals with disabilities.

18. The neighborhood in which the 628 W. Western Building is located in is populated overwhelmingly by residents who are African-American or Latino and not Caucasian.

19. The concentration of non-Caucasian residents described in paragraphs 17 and 18 is far out of proportion to the corresponding population figures for the City of South Bend or the County of St. Joseph, IN.

<u>Proximate Cause and Irreparable Injury</u>

20. As a direct and proximate result of the acts alleged, Mr. and Mrs. Smith have suffered and will continue to suffer injuries for which they are entitled to compensation under the Claims set forth below.

21. As a further direct and proximate result of the acts alleged, Mr. and Mrs. Smith have also suffered, continue to suffer, and will suffer injuries for which there is no adequate remedy at law and for which they are entitled to equitable relief under the Claims set forth below.

<u>Causes of Action</u>

22. For a First Claim, the Defendant HASB has violated the Fair Housing Act (FHA), as amended, 42 U.S.C. sec. 3601 et seq., with implementing rules, in that they have discriminated

against Plaintiffs on the basis of (a) race and (b) handicap.  Mr. Smith is African-American and is an otherwise qualified individual with a handicap as defined by the Act.  Mrs. Smith is African-American and suffered discrimination because of her association with Mr. Smith, who is an otherwise qualified individual with a handicap.  HASB violated the FHA in that:

(a)  HASB failed to maintain the 628 W. Western building and Mr. Smith's apartment in compliance with the Act and implementing rules which require that the property be accessible to and usable by individuals with handicaps;

(b)  HASB and HASB employees, acting within the scope of their HASB employment and with the knowledge of HASB, harassed Mr. Smith for complaining about illegal conditions on behalf of himself and other HASB residents who were individuals with handicaps or African-American or both;

(c)  HASB and HASB employees, acting within the scope of their HASB employment and with the knowledge of HASB, harassed Mr. Smith for complaining about illegal conditions on behalf of himself and other HASB residents who were individuals with handicaps or African-American or both;

(d)  HASB and HASB employees, acting within the scope of their HASB employment and with the knowledge of HASB, Mrs. Lubirta Smith, before and after her marriage to Mr. William Smith, for complaining about illegal conditions on behalf of herself, Mr. William Smith and other HASB residents who were individuals with handicaps or African-American or both;

(e)  HASB failed to administer its responsibilities in the operation and maintenance of the 628 W. Western Building, and the apartments therein, in a manner which recognized the heavy concentration of residents in the building who were individuals with handicaps or African-American or both, and all of whom were poor.

23.   For a Second Claim, the Defendant HASB has violated Section 504 of the Rehabilitation Act of 1973 (sec. 504), as amended, 29 U.S.C. sec. 794, with implementing rules, in that they have discriminated against Plaintiffs on the basis of disability.  Mr. Smith is an otherwise qualified individual with a disability as defined by the Act.  Mrs. Smith suffered discrimination because of her association with Mr. Smith, who is an otherwise qualified individual with a disability.  Defendant HASB is a recipient of federal funds within the meaning of Section 504.  HASB violated Section 504 in that:

(a)  HASB failed to maintain the 628 W. Western building and Mr. Smith's apartment in compliance with the Act and implementing rules which require that the property be accessible to and usable by individuals with handicaps;

(b)  HASB and HASB employees, acting within the scope of their HASB employment and with the knowledge of HASB, harassed Mr. Smith for complaining about illegal conditions on behalf of himself and other HASB residents who were individuals with handicaps or African American or both;

(c)  HASB and HASB employees, acting within the scope of their HASB employment and with the knowledge of HASB, harassed Mr. Smith for complaining about illegal conditions on behalf of himself and other HASB residents who were individuals with handicaps or African-American or both;

(d)  HASB and HASB employees, acting within the scope of their HASB employment and with the knowledge of HASB, Mrs. Lubirta Smith, before and after her marriage to Mr. William Smith, for complaining about illegal conditions on behalf of herself, Mr. William Smith and other HASB residents who were individuals with handicaps or African-American or both;

(e)  HASB failed to administer its responsibilities in the operation and maintenance of the 628 W. Western Building, and the apartments therein, in a manner which recognized the heavy concentration of residents in the building who were individuals with handicaps or African-American or both, and all of whom were poor.

24.  For a Third Claim, the Defendant HASB has violated Title II of the Americans with Disabilities Act (ADA), as amended, 42 U.S.C. sec. 12131 et seq., with implementing rules, in that they have discriminated against Plaintiffs on the basis of disability.  Mr. Smith is an otherwise qualified individual with a disability as defined by the Act.  Mrs. Smith suffered discrimination because of her association with Mr. Smith, who is an otherwise qualified individual with a disability.  Defendant HASB is a "public service" under Title II of the Act.  HASB violated the ADA in that:

(a)  HASB failed to maintain the 628 W. Western building and Mr. Smith's apartment in compliance with the Act and implementing rules which require that the property be accessible to and usable by individuals with handicaps;

(b)  HASB and HASB employees, acting within the scope of their HASB employment and with the knowledge of HASB, harassed Mr. Smith for complaining about illegal conditions on behalf of himself and other HASB residents who were individuals with handicaps or African-American or both;

(c)  HASB and HASB employees, acting within the scope of their HASB employment and with the knowledge of HASB, harassed Mr. Smith for complaining about illegal conditions on behalf of himself and other HASB residents who were individuals with handicaps or African-American or both;

(d)  HASB and HASB employees, acting within the scope of their HASB employment and with the knowledge of HASB, Mrs. Lubirta Smith, before and after her marriage to Mr. William Smith, for complaining about illegal conditions on behalf of herself, Mr. William Smith and other HASB residents who were individuals with handicaps or African-American or both;

(e)  HASB failed to administer its responsibilities in the operation and maintenance of the 628 W. Western Building, and the apartments therein, in a manner which recognized the heavy concentration of residents in the building who were individuals with handicaps or African-American or both, and all of whom were poor.

25.  For a Fourth Claim, Defendant HASB has violated Plaintiffs' right to due process and equal protection under the Fourteenth Amendment to the Constitution of the United States as applied to Defendants by 42 U.S.C. sec. 1983, a statute guaranteeing rights to Plaintiffs.  These violations under sec. 1983 arise, in part, because Defendant, acting under color of law, violated the legal provisions in the preceding and following claims.

26.  For a Fifth Claim, asserted under Indiana law, the Defendants have failed to provide Plaintiffs with due course of law as guaranteed to Plaintiffs by the Constitution of the State of Indiana, Article I, sec. 23.  These violations under sec. 1983 arise, in part, because Defendant, acting under color of law, violated the legal provisions in the preceding and following claims.

27.  For a Sixth Claim, asserted under Indiana law and under the Fair Housing Act, 42 U.S.C. sec. 3601 et seq., the Defendant HASB failed to provide Plaintiffs, individually or as a married couple, with habitable premises to which Plaintiffs were entitled.

28.  For a Seventh Claim, under Indiana and federal law, the Defendants have breached contracts of which the Plaintiffs are intended third-party beneficiaries.  These contracts are in possession of HASB.  They are evidenced by the leases between Plaintiffs and HASB in that the

leases refer to the adoption of portions of Title 24 of the Code of Federal Rules (CFR) into the leases and the imposition of the requirements of those rules by HUD on HASB as a prerequisite of HUD's granting of funds to HASB.  These rules are published, in part, at 24 C.F.R. Part 966.4.

29.  For an Eighth Claim, Defendants have violated the rights of Plaintiffs to be free of discrimination on the basis of race or color by recipients of federal financial assistance, as guaranteed by Title VI of the Civil Rights Act (Title VI) , 42 U.S.C. 2000d, and implementing rules.  HASB violated the Title VI in that:

(a)  HASB and HASB employees, acting within the scope of their HASB employment and with the knowledge of HASB, harassed Mr. Smith for complaining about illegal conditions on behalf of himself and other HASB residents who were individuals with handicaps or African-American or both;

(b)  HASB and HASB employees, acting within the scope of their HASB employment and with the knowledge of HASB, harassed Mr. Smith for complaining about illegal conditions on behalf of himself and other HASB residents who were individuals with handicaps or African-American or both;

(c)  HASB and HASB employees, acting within the scope of their HASB employment and with the knowledge of HASB, Mrs. Lubirta Smith, before and after her marriage to Mr. William Smith, for complaining about illegal conditions on behalf of herself, Mr. William Smith and other HASB residents who were individuals with handicaps or African-American or both;

(d)  HASB failed to administer its responsibilities in the operation and maintenance of the 628 W. Western Building, and the apartments therein, in a manner which recognized the heavy concentration of residents in the building who were individuals with handicaps or African-American or both, and all of whom were poor.

## Elements of Damages

30.  As a direct and proximate result of the acts upon which the foregoing claims are based, the Plaintiffs have suffered and are threatened with economic loss; loss of quiet enjoyment of their property; apprehension; fear; worry; humiliation; and physical and mental impact as a consequence of the actions of all Defendants.  Each element of damages occurred in each Cause of Action, and on each element of damages for each Cause of Action, Plaintiffs seek compensation in the amount of $10,000 compensatory and $10,000 exemplary damages for wanton and outrageous conduct.

31.  The Plaintiffs are further threatened by direct, immediate, and imminent harm to their asserted rights for which there is no adequate remedy and for which equitable relief is required.

## Relief and Jury Demand

Plaintiffs pray that the Court:

A.  Impose a receivership upon Defendant HASB to operate HASB and to rectify the violation of laws established, with the appointment of a Master to be paid by HASB and HUD; remove the members of the current Board of Commissioners; and remove the current Executive Director.

B.  Enter a declaratory judgment as requested.

C.  Issue Preliminary and Permanent Injunctions to implement the Declaratory Judgment.

D.  On any non-equitable issue grant trial by Jury.

E.  Award damages as shown to be appropriate.

F.  Grant such other relief as may be appropriate.

Respectfully submitted,

INDIANA LEGAL SERVICES, INC.

Attorney for Plaintiffs

s/Kent Hull_____
Kent Hull, Attorney No.: 8580-71
401 E. Colfax Avenue, Suite 116
South Bend, IN  46601
(574) 234-8121

CERTIFICATE OF SERVICE

I certify that on the 15th day of November, 2010, I served a copy of the foregoing *First Amended Complaint with Jury Demand* by means of electronic transmittal by the Clerk of this Court to counsel of record.

/s/Kent Hull_____
Kent Hull