```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                    SOUTH BEND DIVISION
```

WILLIAM SMITH AND            )
LUBIRTA SMITH,               )
                             )
Plaintiffs,                  )
                             )
vs.                          )     CAUSE NO. 3:09-CV-330
                             )
HOUSING AUTHORITY OF         )
SOUTH BEND,                  )
                             )
Defendant.                   )

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion for Partial Judgment on the Pleadings, filed by Plaintiffs William and Lubirta Smith, on April 26, 2012. (DE #58.) For the reasons set forth below, this motion is **DENIED**.

BACKGROUND

On July 23, 2009, the Plaintiffs, William Smith and Lubirta Smith (collectively, the "Smiths"), filed their Verified Complaint With Jury Demand. The original Complaint named numerous defendants including the Housing Authority of South Bend (the "HASB"). Motions to dismiss were filed by the various defendants, and on September 30, 2010, this Court issued an order granting those motions. However, the Court granted the Smiths leave to amend their Complaint to clarify their cause of action. On November 15,

2010, the Smiths timely filed an Amended Complaint, naming only the HASB as a defendant.  In lieu of an answer, the HASB filed a motion to dismiss.  On March 30, 2012, the Court granted in part and denied in part the motion to dismiss, dismissing various claims but concluding that the Smiths had alleged sufficient facts pertaining to Disability Based Fair Housing, Rehabilitation Act, Americans with Disabilities Act, Habitability, and Third Party Beneficiary causes of action to proceed on those specific claims.

The HASB then filed an Answer, asserting several affirmative defenses.  For its second affirmative defense, the HASB stated that the Smiths "in whole or in part, fail to state a claim upon which relief can be granted as a matter of law."  The Smiths responded by filing the instant motion for partial judgment on the pleadings, "request[ing] a ruling that, as a matter a law, this Court's opinion . . . has determined, as law of the case, that they state claims on what the Court described as the 'Disability Based Fair Housing, Rehabilitation Act, Americans with Disabilities Act, Habitability, and Third Party Beneficiary claims."  The HASB has filed its response, and the Smiths have filed a reply.  The motion is now ripe for adjudication.

DISCUSSION

Once a complaint and answer have been filed, a party may file a motion for judgment on the pleadings pursuant to Federal Rule of

Civil Procedure 12(c).  *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007) (citing *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002)).  "Only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion." *Id.* (citations omitted).

Here, although the Smiths have filed their motion under Rule 12(c), they are not looking for a "judgment" per se but rather a declaration or advisory opinion from the Court stating that any future attempts to dismiss the remaining claims would be futile. They wish to use their Rule 12(c) motion procedurally as a shield, rather than as a sword.  The Court finds that, based on the current facts and position of the case, this is not the proper use of a Rule 12(c) motion for judgment on the pleadings.

While the Smiths are correct in pointing out that the Court found in its previous order that certain claims "remain pending," the Court did not decide the merits of those claims.  Instead, the Court simply found that the claims as stated are plausible after giving the Smiths the benefits of reasonable inferences to which they are entitled at this early stage of the litigation.

The Smiths' repeated references to the law of the case doctrine do not help their argument.  "The law of the case doctrine is a rule of practice which recite[s] that when an issue is once

litigated and decided, that should be the end of the matter." *Analytical Engineering, Inc. v. Baldwin Filters, Inc.*, 425 F.3d 443, 454 (7th Cir. 2005) (citations omitted). However, it is a flexible, discretionary doctrine and "does not put a limit on the district court's power to reopen what has been already decided. *Id.*; see also *Gertz v. Robert Welch, Inc.*, 680 F.2d 527, 532 (7th Cir. 1982) ("The doctrine is a self-imposed prudential limitation rather than a recognition of a limitation of the courts' power.")

The remaining claims have not been fully litigated and decided, and, at this point, the Court exercises its discretion by declining to enter judgment on any claims or affirmative defenses currently pending in this action.[1] Granting the Smiths' motion is not necessary for the case to proceed, nor are the Smiths unduly prejudiced by allowing the defense to remain in the HASB's Answer. Thus, the motion is **DENIED**.


CONCLUSION

For the reasons set forth above, the Plaintiffs' Motion for Partial Judgment on the Pleadings (DE #58) is **DENIED**.

**DATED: November 9, 2012**            /s/RUDY LOZANO, Judge
                                        **United States District Court**

---

[1] The Smiths have not moved to have the affirmative defense stricken from the HASB's answer; in fact, in their reply brief, the Smiths state that "[a] motion to strike is not the proper procedure to attack the affirmative defense."