# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| WILLIAM SMITH AND | ) | |
| LUBIRTA SMITH | ) | |
| | ) | |
| PlaintiffS, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:09-CV-330 |
| | ) | |
| HOUSING AUTHORITY OF | ) | |
| SOUTHBEND, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on "Plaintiffs' Motion to Strike Affidavits of David Fleckner and Linda Brownlee, with Supporting Redacted Documents Filed in Support of Motion for Summary Judgment, by Defendant Housing Authority of South Bend," filed by Plaintiffs, William and Lubirta Smith, on March 4, 2014 (DE #99.) For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

On December 20, 2013, Defendant, the Housing Authority of South Bend ("HASB"), filed a motion for summary judgment. (DE #91.) Among various other exhibits attached to its motion, HASB included the Affidavit of David Fleckner (Ex. H; DE #92-8), the

Affidavit of Linda Brownlee (Ex. I; DE #92-9), and a copy of HASB's pest control records for the Smiths' apartment units at 628 Western Avenue (Ex. J; DE #92-10).[1] In lieu of filing a response to HASB's summary judgment motion,[2] Plaintiffs, William and Lubirta Smith (collectively, "Plaintiffs"), filed the instant motion to strike all three documents in their entirety because the pest control records are presented in a highly redacted form. In essence, Plaintiffs argue that Federal Rule of Evidence 106 requires that the aforementioned exhibits be stricken because the pest control records violate the "rule of completeness." HASB disagrees and argues that the redacted information, which it states pertains to pest control records for other HASB tenants who are not parties to this lawsuit, is irrelevant and that the request to strike is overly broad.

ANALYSIS

Pursuant to Federal Rule of Civil Procedure 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in

---

[1] In his affidavit, David Fleckner, the previous Manager of Maintenance and current Manager of Planning and Development who states that he is familiar with, has access to, and has reviewed HASB's operations, policies and procedures, and business records related to maintenance of the public housing units, describes Exhibit J as "[a] true and correct copy of the pest control records for [Plaintiffs'] units while they lived in [the building at] 628 Western." (Ex. H, ¶¶ 2, 3, 17, 18; DE #92-8, pp. 1, 4.)

[2] Plaintiffs asked for and were granted an extension of time to file their response to the summary judgment motion within fourteen days of this Court's ruling on the motion to strike. (See DE #101.)

evidence." Fed. R. Civ. P. 56(c)(2).[3] An affidavit used to support a motion for summary judgment is admissible if it is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). While most hearsay is inadmissible, records kept in the course of regularly conducted business activity are excepted from the general rule against hearsay as long as they meet certain conditions. See Fed. R. Evid. 803(6). "Such records are presumed reliable because businesses depend on them to conduct their own affairs, so there is little if any incentive to be deceitful, and because the regularity of creating such records leads to habits of accuracy." *Jordan v. Binns*, 712 F.3d 1123, 1135 (7th Cir. 2013).

Plaintiffs do not argue that the affidavits (Exhibits H & I) should be stricken because the affiants lack personal knowledge or are incompetent to testify on the matters stated. Nor do they argue that pest control records (Exhibit J) should be stricken because they contain inadmissible hearsay or lack authentication.[4]

---

[3] However, the Seventh Circuit has recently clarified that, during the summary judgment stage, parties may present "materials that would be inadmissible at trial so long as *facts* therein could later be presented in an admissible form." *Olson v. Morgan*, --- F.3d ----, 2014 WL 1687802, *5 (7th Cir. April 30, 2014) (emphasis in original).

[4] Records of regularly conducted business activity are excepted from the rule against hearsay if certain conditions of admissibility have been met and as long as those conditions "are shown by the testimony of the custodian or another qualified witness." Fed. R. Evid. 803(6). To qualify as a business record under Rule 803(6), "(1) the document must be prepared in the normal course of business; (2) it must be made at or near the time of the events it records; and (3) it must be based on the personal knowledge of the

Rather Plaintiffs point out that Exhibit J contains numerous redactions and argue that such redactions violate the rule of completeness because they "do not know what information has been redacted or why HASB redacted it." (DE #99, p. 2.) They then go on to argue that the redacted material is relevant because it "'explain[s] the admitted portion' and 'place[s] the admitted portion in context.'" (DE #103, p. 3.)

The Seventh Circuit has stated that under the rule of completeness, which is codified at Federal Rule of Evidence 106, "a complete statement is required to be read or heard when it is *necessary* to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding." *United States v. Lewis*, 641 F.3d 773, 785 (7th Cir. 2011) (emphasis added) (internal quotation marks and citation omitted). Portions of a statement or document that "are neither explanatory of nor relevant to the admitted passages" are not required to be admitted. *Id*.

Here, HASB has designated Exhibit J, through the affidavit of David Fleckner, as "[a] true and correct copy of the pest control records for the [Plaintiffs'] units while they lived in 628 Western." (Ex. H, ¶ 18; DE #92-8, p. 4.) The affidavit goes on to state that the "[p]est control records from [Plaintiffs'] units do

---

entrant or on the personal knowledge of an informant having a business duty to transmit the information to the entrant." *Datamatic Servs., Inc. v. United States*, 909 F.2d 1029, 1032 (7th Cir. 1990).

not reveal a significant or frequent pest problem in either unit and show HASB took prompt and appropriate action to exterminate the pests when [Plaintiffs] complained." (*Id.* at ¶ 19; *Id.*) The affidavit then details the pest inspections and treatments for Plaintiffs' units throughout the years. (*Id.* at ¶¶ 20-22, 24; *Id.* at 4-5.) The affidavit does not mention any other specific unit or tenant. Exhibit J itself is consistent with the testimony set forth in the affidavit. While it is true that there are numerous redactions, the information that is provided is clear and understandable. The bulk of the documents containing redactions consists of spreadsheets entitled either "Pest Control Service Results Report," "Extermination Schedule," or "Extermination For." (See Ex. J, pp. 1-11, 14, 18-19, 21.) These documents show column headings at the top of the spreadsheet with information such as address, apartment number, housekeeping, refuse, results, treatment, and follow-up. Entire rows for both Plaintiffs' units are shown below the column headings, and various boxes are checked off describing the conditions, results, and/or treatments. (*Id.*) There are also columns for comments within which hand written notes appear for Plaintiffs' units. (*Id.*) These documents do not purport to be anything more or anything less than the pest control records related specifically to Plaintiffs' units.

Although Plaintiffs argue that the redacted material is necessary and relevant because it explains the admitted portion and

places it in context, they do not elaborate on this assertion other than to say that "[Plaintiffs] are pursuing a habitability claim against HASB and HASB has apparently designated the unredacted material as evidence supporting its motion for summary judgment." (DE #103, p. 3.) They do not explain why they believe the unredacted information is unclear or why the redacted material (whatever it may be) is necessary to help explain or place the unredacted information into context.

The Court is perfectly capable of viewing Exhibit J for what HASB states it is . . . pest control records related to Plaintiffs' units. Plaintiffs are obviously free to include any redacted or unredacted material related to HASB's pest control procedures that they deem relevant in their response to the motion for summary judgment; what the Court will not do, however, is engage in belated discovery disputes at this time. Therefore, there is no need to mandate the inclusion of the redacted material pursuant to the rule of completeness, and there is certainly no need to strike all three exhibits in their entirety as Plaintiffs request.[5]

---

[5] Plaintiffs' motion to strike is also overly broad. The affidavit of Linda Brownlee (Exhibit I) does not even mention Plaintiffs' pest control records. Plaintiffs offer absolutely no reason whatsoever why the Court should strike this document. Furthermore, only seven paragraphs of the thirty-four paragraph affidavit of David Fleckner (Exhibit H) refer even tangentially to Plaintiffs' pest control records, yet Plaintiffs seek to strike the entire document. The fact that Plaintiffs' requests are overly broad (and lacking in support and/or analysis) is reason enough to deny motion.

CONCLUSION

For the reasons set forth above, "Plaintiffs' Motion to Strike Affidavits of David Fleckner and Linda Brownlee, with Supporting Redacted Documents Filed in Support of Motion for Summary Judgment, by Defendant Housing Authority of South Bend" (DE #99) is **DENIED**.


**DATED: June 2, 2014**              /s/RUDY LOZANO, Judge
                                     **United States District Court**